# EXHIBIT

# A

STATE OF NEW HAMPSHIRE

CHESHIRE, SS.                                                                                              SUPERIOR COURT

MARK BARTOLOMUCCI

v.

PHH MORTGAGE CORPORATION

**PETITION TO QUIET TITLE OR IN THE ALTERNATIVE**
**FOR DECLARATORY JUDGMENT**

**INTRODUCTION**

1. This is an action bought by a homeowner against the mortgage company who received its interest by quitclaim deed from the entity who failed to take title at a foreclosure sale because of defects in the mortgage documents.

**PARTIES**

2. The Plaintiff Mark Bartolomucci resides in his home at 11 Spruce Ridge Drive, Dublin, NH.

3. The Defendant PHH Mortgage Corporation has a principle place of business located at 1 Mortgage Way, Mount Laurel, NJ 08054.

4. The Defendant Has a registered agent by the name of Lawyers Incorporating Service with an address of 10 Ferry Street S313, Concord NH 03301.

**JURISDICTION AND VENUE**

5. Jurisdiction in this Court is proper because the Plaintiff resides in this jurisdiction; the property in question is located in this jurisdiction and the acts and omissions giving rise to the action occurred in New Hampshire.

6. Venue is proper in the Superior Court because the amount in controversy exceeds $1,500.

## FACTS

7. March 17th of 2016 Mr. Bartolomucci purchased a quit claim deed from Mr. Christopher Lapointe and took possession of the home located at 11 Spruce Ridge Drive, Dublin, NH. (See Exhibit A).

8. This purchase came after the Defendant held a foreclosure auction on the property.

9. At the foreclosure sale Federal Home Loan Mortgage Corporation purchased a foreclosure deed.

10. The Foreclosure auction here was unsuccessful to transfer any interest to Federal Home Loan Mortgage.

11. Federal Home Loan Mortgage Corporation later transferred whatever interest they received from that purchase to the Defendant by quitclaim deed. (See Exhibit B).

12. This transaction is highly unusual and serves as evidence that the Defendants are aware of the fact that they do not hold title to the property.

13. Because of the errors made during the holding of the mortgage the Defendant is not entitled to any interest in the property and the foreclosure sale is void on its face.

14. The Mortgage instrument contains several unrepaired issues that void the Defendant's security interest in the property.

15. The Notary signature on the mortgage was signed by a Massachusetts' Notary in the state of New Hampshire. (See Exhibit C).

16. The notary in question has no jurisdiction in the State of New Hampshire which means that the mortgage is essentially unacknowledged.

17. There has been no attempt to remedy this issue despite this error occurring more than 5 years ago.

18. This error invalidates the mortgage and with it the foreclosure auction on the property.

19. Additionally the borrower's (Mr. Lapointe's) marital status on the mortgage is listed as unmarried.

20. The Defendant failed to include a release of the homestead rights of Mr. Lapointe's civil union partner.

21. The Defendant has failed to remedy this issue.

22. At the time of the foreclosure the mortgage foreclosed on was subordinate to a mortgage in favor of TD Bank, NA.

23. A subordination agreement was recorded later, after the foreclosure had already occurred.

24. These deficiencies mean that the Defendant failed to acquire a mortgage and therefore foreclosed without right.

25. The deficiencies in the mortgage are so clear that banks refuse to loan to anyone attempting to purchase whatever interest the Defendants now claim to have.

26. Despite the fact that the Defendant is aware of the issues with its title Defendant has initiated eviction proceedings against the Plaintiff.

## ARGUMENT

## COUNT 1:
## QUIET TITLE- VOID MORTGAGE

27. The Plaintiff re-allege and incorporate by reference all of the allegations contained herein as if fully stated under this count.

28. RSA 477:3 requires the following: "[e]very deed or other conveyance of real estate shall be signed by the party granting the same acknowledged by the grantor before a justice, notary public or commissioner and show the mailing address of the grantee."

29. Given that the notary signature on this document was made by a Massachusetts notary in the State of New Hampshire, the notary signature is defective to fulfill the obligations under the statute.

30. Given that the mortgage was always void the foreclosure auction held under that mortgage is void as well.

31. As the Defendant gains no interest from the void foreclosure auction then the quitclaim deed from Christopher Lapointe to the Plaintiff served to transfer a full and unencumbered interest to the Plaintiff.

32. The deficiency in the mortgage voids it and renders the foreclosure sale a nullity.

## COUNT II:
## QUIET TITLE- HOMESTEAD RIGHT

33. The Plaintiff re-alleges and incorporates by reference all of the allegations contained herein as if fully stated under this count.

34. By purchasing a quitclaim deed the Plaintiff stepped in to the shoes of the interest belonging to the previous owner of the property.

35. The previous owner's civil union partner did not sign the customary waiver of his homestead rights.

36. Even if the foreclosure sale was effective to transfer title to the property to Federal Home Loan Mortgage contrary to count I of this complaint the previous owner's civil union partner still maintained a $120,000 interest in the property after the auction which transferred to the Plaintiff by quit claim deed.

37. Given that the Plaintiff is not obligated to the Defendants under the mortgage, this interest in the property is enough to require that the Plaintiffs maintain possession of the property.

38. The Defendants failure to remedy this issue before the foreclosure means that the Plaintiffs were able to purchase the $120,000 interest from Mr. Lapointe.

## COUNT III:
## FRAUD

39. The Plaintiff re-alleges and incorporates by reference all of the allegations contained herein as if fully stated under this count.

40. "To establish fraud, a plaintiff must prove that the defendant made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it... In addition, a plaintiff must demonstrate justifiable reliance." Snierson v. Scruton, 145 NH 73, 77 (2000).

41. The Defendant is aware of the deficiencies in their title and the purchase of the interest of Christopher Lapointe by the Plaintiff.

42. Despite that knowledge the Defendants have filed an eviction proceeding claiming that they hold title to the property.

43. The Defendant made this claim with the intent that the district court would rely on it.

44. In issuing it's most recent order the district court has relied on this representation.

WHEREFORE the Plaintiff requests this Honorable Court order the following relief:

a. Order that the Plaintiff holds clear title to the subject property.

b. In the alternative order that the Plaintiff holds an interest valued at $120,000 in the subject property;

c. Award all lawful damages, costs and attorneys' fees;

d. Grant such other lawful relief as may be just and equitable.

Respectfully submitted, Plaintiff,
By His Attorney,

Keith A. Mathews, Esq. (Bar No. 20997)
Associated Attorneys of N.E.
587 Union Street
Manchester, NH 03104
Tel. 603-622-8100
Fax 888-912-1497
Keith@aaone.law

Doc # 1601933   Mar 17, 2016 2:50 PM
Book 2938 Page 0588   Page 1 of 2
Register of Deeds, Cheshire County
Anna Z. Tilton-Register of Deeds



Return to:

Mark Bartolomucci
11 Spruce Ridge
Dublin, NH 03444
*AT DESK*



**QUITCLAIM DEED**
Under RSA 477:28

This quitclaim deed, executed this 17th day of March, 2016, by the grantor,

Christopher Lapointe
PO Box 75
Jaffrey, NH 03452

to the grantee,

Mark Bartolomucci
20 Central Square
Keene, NH 03431

in exchange for valuable consideration in hand paid, does hereby grant with quitclaim covenants the following property situated in the City/Town of Dublin, County of Cheshire, State of New Hampshire, legally described as:

Lot 50-10
11 Spruce Ridge Drive, Dublin, New Hampshire 03444.

Tax ID: DUBL-000008-000050-000010

Plan Name: Lot 10, Cabinet 13, Drawer 1, #167

Commonly known as: 11 Spruce Ridge, Dublin, New Hampshire 03444
Parcel ID: 50-10

_X_ Grantor is unmarried.
____ Grantor is married, and, spouse of the grantor, releases to the grantee all rights of homestead and other interests therein.

In witness whereof, the grantor has signed and sealed these presents on the day first above written.

| Signature _(signed)_ | Signature _(signed)_ |
|---|---|
| Print name: Mr. Christopher Lapointe | Print name: Mr. Mark Bartolomucci |
| Capacity: Grantor | Capacity: Grantee |

STATE OF New Hampshire
COUNTY OF Hillsborough

This instrument was acknowledged before me on this 17 day of March, 20 16 by

_____

Signature _Vivian Hagen_
Title (and Rank)
My commission expires

VICTORIA L. HAGAN
NOTARY PUBLIC, NEW HAMPSHIRE
My Commission Expires 11/12/2020



DOCUMENT BOOKS 2943   Page 558   Docket 1603233   Requested by NMS from ret1 at Cheshire County on 08/22/2016

Doc # 1603233   May 5, 2016 9:52 AM
Book 2943 Page 0558   Page 1 of 4
Register of Deeds, Cheshire County

Anna Z. Tilton-Register of Deeds

Return To:

AFTER RECORDING RETURN TO:
Closing USA, LLC
ATTN: Recording Dept.
903 Elmgrove Road
Rochester, NY 14624
585-454-1730   CL 1560039632

## *QUITCLAIM DEED*

KNOW ALL MEN BY THESE PRESENTS: That Federal Home Loan Mortgage Corporation, having a place of business at 8200 Jones Branch Drive, Mc Lean, VA 22102, for consideration paid grants, to PHH Mortgage Corporation with a mailing address of 2001 Bishops Gate Blvd. Attn: Mail Stop SV-01, Mount Laurel, NJ 08054 with QUITCLAIM COVENANTS:

See Attached Exhibit A.

Meaning and intending to describe and convey the same premises conveyed to Federal Home Loan Mortgage Corporation by Foreclosure Deed dated April 24, 2014 and recorded in Book 2909, page 629 at the Cheshire County Registry of Deeds.

0115-00057

DOCUMENT BOOKS 2943 Page 559 Docket 1603233 Requested by NMS from ret1 at Cheshire County on 08/22/2016

Book 2943 Page 0559 Page 2 of 4

IN WITNESS WHEREOF Federal Home Loan Mortgage Corporation has caused this instrument to be signed by its duly authorized officer this __21__ day of __August__, 2015

Federal Home Loan Mortgage Corporation

By: _____
Name: Lynne Fassig
Title: Assistant Treasurer

State of __TEXAS__
County of __Denton__

Date: __AUG 31 2015__

Before me, the undersigned officer, personally appeared
____Lynne Fassig____ proved to me on the satisfactory evidence of identification which was ___Assistant Treasurer___ to be the person whose name is signed on the preceding document and acknowledged to me that he/she signed it voluntarily for its stated purpose.

Notary Public
Commission expiration: 4/2016

JACQUELYN JOHNSON
Notary Public, State of Texas
My Commission Expires
April 26, 2016

Re: 11 Spruce Ridge Drive, Dublin, NH 03444

0115-00057

DOCUMENT BOOKS 2679   Page 162   Docket 1011   Requested by NMS from ref1 at Cheshire County on 09/22/2016

BK2679PG0162

[C]

**STATE OF NEW HAMPSHIRE**
(County) of CHESHIRE

This instrument was acknowledged before me on January 24th, 2011 by Christopher J LaPointe

AKA
Christophe LaPointe

_Patti Anne Matukas_
(Signature of Notarial Officer)

PATTI ANNE MATUKAS
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
September 22, 2016

(Title and rank)

My Commission Expires:

(Seal, if any)

NEW HAMPSHIRE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
-6A(NH) (0815)   Page 11 of 11   Initials: _____   Form 3030  1/01

COPY
CHESHIRE COUNTY
REGISTRY OF DEEDS